**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,                    Criminal Case No. 16-20062

v.                                                      Civil Case No. 19-12259
                                                      HON. DENISE PAGE HOOD

D-12 WILLIAM SHAWN STEELE,

    Defendant-Petitioner.
_____/

## ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 [#645] and DISMISSING WITH PREJUDICE CIVIL CASE NO. 19-12259

**I.    Introduction**

On July 25, 2017, a jury found Defendant guilty of Counts 1 (Racketeering Conspiracy) and 4 (Possession of a Firearm in Furtherance of a Drug Trafficking Crime) of the Second Superseding Indictment. [ECF No. 470] The undersigned imposed a sentence of 124 months (84 months for Court 1 and 60 months for Count 4, to be served consecutively). [ECF No. 561] The Sixth Circuit Court of Appeals affirmed Defendant's conviction and sentence in an Order issued on March 26, 2019. [ECF No. 633]

On July 31, 2019, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (the "2255 Motion"). [ECF No. 645] The

Government filed a response on August 3, 2019, and Defendant filed a reply on December 4, 2019.

## II. Legal Standard

28 U.S.C. § 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a). A defendant seeking relief under § 2255 "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). When raising claims alleging errors of constitutional magnitude, a defendant must show that the constitutional error had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Further, relief under § 2255 requires a showing of "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. U. S.*, 417 U.S. 333, 346 (1974).

## III. Analysis

Defendant claims that he was convicted under 18 U.S.C. § 924(c)(3)(B) and that conviction violates his constitutional rights because 18 U.S.C. § 924(c)(3)(B)

is unconstitutionally vague. *See, e.g.,* ECF No. 665, PgID 6340 ("If Petitioner was sentenced under the residual clause of § 924(c)(3), his sentence would be illegal pursuant to *Davis*"); ECF No. 665, PgID 6343 (Defendant "has met his burden of establishing that he has been convicted under the residual clause of 924(c)(3)."). Defendant relies on the United States Supreme Court's recent decision in *United States v. Davis*, 139 S.Ct. 2319 (2019). The Court notes that only Court 4 of the Second Superseding Indictment charged Defendant with a violation of 18 U.S.C. § 924(c).[1] For the reasons that follow, Defendant's claim fails.

In *Davis*, the Supreme Court invalidated the "residual clause" in Section 924(c)'s definition of a "crime of violence." *Davis*, 139 S.Ct. at 2326-27. Section 924(c) authorizes heightened criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). According to Section 924(c)(3), a crime of violence is "an offense that is a felony" and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a

---

[1] In Count 1 of the Second Superseding Indictment, Defendant was charged with Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d), and the overt acts attributable to Defendant involved drug trafficking, *see* ECF No. 437, PgID 2723, 2725-27, and firearm offenses. *Id*. at PgID 2730.

substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

The Court understands the Supreme Court's ruling in *Davis* – but also notes that the Supreme Court's ruling in *Davis* pertained only to the vagueness of the residual clause with respect to the definition of a federal "crime of violence" in Section 924(c)(3). *Davis* did not address any aspect of the definition of a drug trafficking crime, which is found in Section 924(c)(2) and includes "any felony punishable under the Controlled Substances Act (21 U.S.C. 801, *et seq.*)."

Other courts have rejected any attempt to extend the residual clause deficiency in the "crime of violence" provision to the "drug trafficking crime" provision. *See, e.g., United States v. Reid*, No. 0:04-353, 2018 WL 2336120, at *2 (D.S.C. Feb. 6, 2018) ("The drug trafficking portion of § 924(c)(2) does not have a residual clause, and states with particularity which charges serve as underlying crimes for a § 924(c) conviction . . . [and] the Supreme Court's holding in *Johnson*2 has no effect on convictions for § 924(c) based on drug trafficking crimes."). *See also United States v. Chapman*, 851 F.3d 363, 374–75 (5th Cir. 2017) (finding defendant's § 924(c) convictions not affected "by any alleged

---

[2]*Johnson v. United States*, 135 S.Ct. 2551 (2015) ("*Johnson*") (finding the residual clause in the Armed Career Criminal Act void for vagueness).

4

infirmity in the risk of force definition of crime of violence" because the predicate offenses were "based on having committed drug trafficking crimes"); *Navarro v. United States*, 679 F. App'x 973, 974 (11th Cir. 2017) (rejecting *Johnson* claim because § 924(c) conviction was "premised on drug trafficking crimes"); *In re Cannon*, 931 F.3d 1236, 1242 (11th Cir. 2019) (rejecting post-*Davis* challenge to § 924(c) conviction predicated on possession with intent to distribute cocaine and marijuana charge); *United States v. Simms*, 914 F.3d 229, 252 (4th Cir. 2019) (en banc) (finding residual clause in § 924(c)(3)(B) vague before *Davis*, but explaining that "[i]n striking it down, we leave intact . . . the entirety of the definition of 'drug trafficking crime' in § 924(c)").

Defendant seems to contend that the Court relied on the residual clause when it sentenced him on Count 4. Defendant maintains that the predicate offense was "conspiracy to conduct enterprise affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d)[.]" ECF No. 665, PgID 6343. Defendant states that section "does not contain as an element the use, attempted use, or threatened use of physical force against the person . . . of another," which means the Court relied upon the residual clause. *Id*. Defendant asserts that the Government proof regarding Count 4 (the 924(c) conviction) was based on robberies between 2008-2015, even if the Government charged him with

5

use of a firearm during both a drug trafficking offense and a crime of violence. For these reasons, Defendant contends that the Court should find no support for the Government's suggestion that his conviction for Count 4 rested only on a drug trafficking offense.

Defendant overlooks, however, that in Count 4 of the Second Superseding Indictment, the Government charged Defendant <u>only</u> with Possession of a Firearm in Furtherance of a Drug Trafficking Crime. As stated verbatim in the Second Superseding Indictment, the only allegations in Count 4 were:

### **COUNT FOUR**
*18 U.S.C. §924(c) – Possession of a*
*Firearm in Furtherance of a Drug Trafficking Crime*

D-12  WILLIAM SHAWN STEELE

At various times between 2006 and 2014, in the Eastern District of Michigan, Southern Division, defendant WILLIAM SHAWN STEELE did, knowingly possess various firearms in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846.

All in violation of Title 18, United States Code, Section 924(c).

ECF No. 437, PgID 2734.

Contrary to any suggestion otherwise, it was on those allegations in Count 4 that firearms were used in furtherance of a drug trafficking crime (and not on the basis of a crime of violence or other provision with a residual clause) that:

6

(1) the jury convicted Defendant in Count 4 of possession of a firearm in furtherance of a drug trafficking offense;

(2) the Court sentenced Defendant on Count 4 for possession of a firearm in furtherance of a drug trafficking offense; and

(3) the Sixth Circuit upheld Defendant's conviction and sentence for possession of a firearm in furtherance of a drug trafficking offense.

For those reasons, the Court is not persuaded by Defendant's arguments and denies Defendant's 2255 Motion.[3]

## IV. Conclusion

Accordingly, for the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Dkt. No. 645] is **DENIED**.

IT IS FURTHER ORDERED that Civil Case No. 19-12259 (the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255) is **DISMISSED WITH PREJUDICE and designated as CLOSED.**

IT IS ORDERED.

---

[3] Although Defendant technically procedurally defaulted on his claim by failing to raise it on direct appeal, the Court elects not to address the procedural aspect of Defendant's 2255 Motion because his claim also fails on the merits. *See, e.g., Johnson v. United States*, 735 F. App'x 1007, 1010 n.3 (11th Cir. 2018) (declining to address procedural default because petitioner's *Johnson* claim also failed on the merits).

7

|  | s/Denise Page Hood |
|---|---|
|  | DENISE PAGE HOOD |
| DATED: March 13, 2020 | United States District Judge |