## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,              Criminal Case No. 16-20062

v.                                      Civil Case No. 19-12259

                                        HON. DENISE PAGE HOOD

D-12 WILLIAM SHAWN STEELE,

      Defendant-Petitioner.

_____/

### ORDER DENYING DEFENDANT'S
### MOTION FOR RECONSIDERATION [ECF No. 689]

## I.    Introduction

On July 25, 2017, a jury found Defendant guilty of Racketeering Conspiracy and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. [ECF No. 470]  The undersigned imposed a sentence of 124 months. [ECF No. 561] The Sixth Circuit Court of Appeals affirmed Defendant's conviction and sentence. [ECF No. 633] On March 10, 2020, the Court entered an Order Denying Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Motion to Vacate"). [ECF No. 679] On March 18, 2020, Defendant filed a Motion for Reconsideration [ECF No. 689] of the Court's March 10, 2020 Order.

## II.    Legal Standard

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which

the Court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).

A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D.Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E.D. Mich. L.R. 7.1(h)(3). *Brown v. Walgreens Income Protective Plan for Store Managers*, No. 10-CV-14442, 2013 WL 1040530, at *1 (E.D. Mich. Mar. 15, 2013). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3).

## III.   Analysis

Defendant accurately states the standard of review for, and correctly notes that he timely filed, a motion for reconsideration.  Defendant also recognizes that this Court denied his argument to vacate based on the Supreme Court's ruling in

*United States v. Davis*, 139 S.Ct. 2319 (2019). Defendant does not, however, set forth any argument about how or why the Court erred in making its determination regarding his motion to vacate.

In the conclusion section of his Motion for Reconsideration, Defendant asks the Court to hold "this action in abeyance pending the decision in *United States v. Pembrook*, 2019 U.S. LEXIS 24726 (6th Cir. Mich. Aug. 20, 2019)." Defendant does not indicate why the Court should hold the present action in abeyance. In *Pembrook*, the Sixth Circuit recognized that "the [Supreme] Court has now held that § 924(c)(3)(B) [the residual clause] is unconstitutionally vague. *United States v. Davis*, 588 U.S. ——, 139 S.Ct. 2319, 204 L.Ed.2d 757 (2019)." *United States v. Pembrook*, 775 F. App'x 235, 236 (6th Cir. 2019).

As the Court held in its March 13, 2020 Order, however, Defendant was sentenced pursuant to the drug trafficking clause in Section 924(c)(2), not the residual clause in Section 924(c)(3)(B):

> The Court understands the Supreme Court's ruling in Davis – but also notes that the Supreme Court's ruling in *Davis* pertained only to the vagueness of the residual clause with respect to the definition of a federal "crime of violence" in Section 924(c)(3). *Davis* did not address any aspect of the definition of a drug trafficking crime, which is found in Section 924(c)(2) and includes "any felony punishable under the Controlled Substances Act (21 U.S.C. 801, et seq.)."

ECF No. 679, PgID 6419.  Accordingly, the Court finds that the *Pembrook* case has no bearing on the issues presented in Defendant's Motion to Vacate, nor does *Pembrook* operate to support Defendant's Motion for Reconsideration or request to hold this matter in abeyance.  As Defendant has not demonstrated any palpable defect by which the Court and the parties were misled, his Motion for Reconsideration is denied.

## IV.    Conclusion

Accordingly, and for the reasons set forth above,

IT IS ORDERED that Defendant's Motion for Reconsideration [ECF No. 689] is **DENIED**.

IT IS ORDERED.

s/Denise Page Hood
United States District Judge

DATED: September 24, 2020

4